IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ROBERT A JEFFERSON, JR,

    Petitioner,

v.                                 CASE NO. 4:04-cv-00416-MP-EMT

JAMES V CROSBY, JR,
JAMES R MCDONOUGH,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 27, Report and Recommendation of the Magistrate Judge, recommending that the petition under 28 U.S.C. § 2254 be denied. The petitioner has filed objections, doc. 32, which the Court has reviewed. For the reasons which follow, the Report and Recommendation is adopted.

Petitioner first argues that his guilty plea was coerced by the trial judge. The Court agrees with the Magistrate Judge, however, that the record of the plea hearing reflects that the judge did not unduly pressure Petitioner. The judge did not make any threats, misrepresentations, or improper statements. Rather, the judge commented on the strength of the State's case and correctly stated the maximum penalty that could be imposed if Petitioner were convicted. The judge sought to ensure that Petitioner understood the potential evidence against him; that he understood the defense strategy, including the tenuous position of impeaching his co-defendant with the fact that the co-defendant received favorable treatment from the State regarding his participation in the crimes, without admitting a basis for Petitioner's liability as a principal or accessory; that Petitioner agreed with that defense strategy; and that he wanted to proceed with

the trial. Petitioner does not allege that the judge's comments included misrepresentations of the evidence described in the attorneys' opening statements or misrepresentations of the law; nor does Petitioner assert that the judge was motivated by anything but a desire to ensure that Petitioner was fully informed of the consequences of going to trial. Even though the judge commented that the State's evidence appeared strong, the comment did not rise to the level of coercion. Furthermore, after the judge's comments, Petitioner discussed his options with his attorney and his family before making the decision to plead nolo contendere. This private, independent consultation, which occurred after the judge's comments and before Petitioner entered his plea, diminished any influential effect the comments may have had.

Second, the Court agrees that the failure of counsel to prepare a Guidelines worksheet prior to advising his client to proceed with a plea was not a serious dereliction of counsel's duty and did not result in prejudice to the Petitioner because Petitioner cannot show any objective evidence that viewing a scoresheet showing the likely life sentence would have convinced him not to accept the plea agreement. Third, the Court agrees that Petitioner's claim that he was promised only twelve years in jail is flatly contradicted by the plea colloquy transcript and the state court findings. Thus, this ground for relief is without merit. Fourth, the Court agrees that Petitioner's counsel's strategic decision to forego a motion to suppress hearing until the eve of trial - in order to avoid giving away the "tactical map" of the defense - was a reasonable tactical decision and not ineffective assistance under <u>Strickland</u>. Finally, the Court agrees that the sexual predator registration and Jimmy Ryce Act requirements imposed on Petitioner were "collateral consequences" of his guilty plea. Because they are collateral consequences, the failure of counsel to communicate them to the Petitioner cannot be the basis of a finding of ineffectiveness

of counsel.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2.  This action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this *6th* day of March, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge